# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50102-3-II |
| Respondent, | |
| v. | |
| STEVEN M. SOMMER, | UNPUBLISHED OPINION |
| Appellant. | |

Lee, J. — Steven M. Sommer appeals his convictions for felony violation of a no contact order and for making a false or misleading statement to a public servant.  He argues that he was unlawfully seized when he provided a false statement to the arresting officer, and therefore, his trial counsel was ineffective for failing to move to suppress the statement.  We affirm.

FACTS

On March 11, 2016, Deputy Michael Phipps of the Pierce County Sheriff's Department was on duty as part of the Department's "community support team."  1 Verbatim Report of Proceedings (VRP) (Jan. 18, 2017) at 20.  The purpose of this unit was to assist various government agencies when they addressed problems in the community.  At approximately 9:00 a.m., Deputy Phipps and two other officers assisted the county health department as it boarded up a property subject to abatement.[1]  The officers' primary duties were to provide security, remove people from the residence, sheds, or vehicles, and identify the persons removed.

---

[1] The Pierce County Code authorizes the Tacoma-Pierce County Health Department to remove unpermitted buildings or structures in order to protect the health, safety, and general welfare of the public.  PIERCE COUNTY CODE 8.08.010(C), .020.  The Code defines "abate" as "to act to stop an

Deputy Phipps approached a van parked on the residence. A man and woman were sleeping inside of the van. Deputy Phipps asked them to step outside. The man was cooperative and stepped outside of the van. Deputy Phipps asked the man his name, and the man provided the name Byron L. Sommer.

Deputy Phipps checked for any active warrants on Byron L. Sommers. As he was checking, the man who had identified himself as Byron L. Sommers walked away. The woman who was with him also walked away.

The records search revealed an active warrant for Byron L. Sommer. Deputy Phipps searched the area and located the man and woman on a nearby street. Deputy Phipps arrested the man based on the outstanding warrant. After advising the man of his *Miranda*[2] warnings, the man told Deputy Phipps that his true identity was Steven M. Sommer.[3] Sommer told Deputy Phipps that he had falsely provided his brother's name, Byron L. Sommer, because there was a no-contact order between Sommer and the woman who was with him in the van. Deputy Phipps ran a search and confirmed the existence of a no-contact order between Sommer and the woman.

---

activity and/or to repair, replace, remove, or otherwise remedy a condition where such activity or condition constitutes a violation of this Chapter." PIERCE COUNTY CODE 8.08.030.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] Two individuals in this case share the last name Sommer. For clarity, we refer to the defendant by his last name, and the other Sommer by his full name. We mean no disrespect.

The State charged Sommer with felony violation of a no contact order[4] and making a false or misleading material statement to a public servant.[5] Prior to trial, the trial court held a hearing pursuant to CrR 3.5 to determine the admissibility of the statements Sommer made to Deputy Phipps. At the CrR 3.5 hearing, Deputy Phipps testified to the facts outlined above.

The State argued that Sommer's initial statement to Deputy Phipps was admissible because he was not detained when Deputy Phipps first contacted Sommer inside of the van. The State also argued that Sommer's statements following arrest were admissible because Deputy Phipps had provided Sommer his *Miranda* warnings. Sommer did not object to the admissibility of the statements. Instead, his counsel stated, "We will leave it to the discretion of the court." 1 VRP (Jan. 18, 2017) at 34.

The trial court ruled that Sommer was not detained when he initially provided the name Byron L. Sommer to Deputy Phipps, and thus this initial statement was admissible. The trial court also ruled that Sommer's post-*Miranda* statements to Deputy Phipps were admissible because Sommer had knowingly, intelligently, and voluntarily waived his constitutional right to remain silent.

---

[4] *See* RCW 26.50.110(5). This statute has been amended since the events of this case transpired. However, the amendments do not materially affect the statutory language relied on by this court. Accordingly, we refrain from including the word "former" before RCW 26.50.110. Sommer had two previous convictions for violation of a no contact order, which elevated the current offense from a gross misdemeanor to a felony.

[5] RCW 9A.76.175.

The State's sole evidence at trial was Deputy Phipps's testimony. Deputy Phipps again testified to the facts discussed above. He also testified that he approached the van alone and that Sommer and the woman did not have permission to be on the property.

The jury found Sommer guilty as charged. Sommer appeals.

ANALYSIS

Sommer argues that his trial counsel was ineffective for failing to argue to the trial court that he was unlawfully seized when he falsely gave his brother's name to Deputy Phipps. We disagree.

A.  STANDARD OF REVIEW

We review ineffective assistance of counsel claims de novo. *State v. Hamilton*, 179 Wn. App. 870, 879, 320 P.3d 142 (2014). To prevail in an ineffective assistance of counsel claim, the defendant must show (1) counsel's performance was deficient, and (2) this deficient performance resulted in prejudice. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011), *cert. denied*, 135 S. Ct. 153 (2014).

Counsel's performance is deficient if it falls "'below an objective standard of reasonableness.'" *Id.* at 33 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Prejudice is established if the defendant can show a reasonable probability "that 'but for counsel's deficient performance, the outcome of the proceedings would have been different.'" *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017) (quoting *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). A defendant who premises an ineffective assistance of counsel claim on counsel's failure to move to suppress evidence must show from the

record that a motion to suppress would likely have been granted. *State v. Walters*, 162 Wn. App. 74, 81, 255 P.3d 835 (2011).

B.      SOMMER FAILS TO SHOW INEFFECTIVE ASSISTANCE OF COUNSEL

Sommer argues that he was unlawfully seized under article I, section 7 of the Washington State Constitution when Deputy Phipps asked him to get out of the van. Thus, he argues that had his counsel moved to suppress his statement falsely identifying himself as his brother, the trial court would have granted the motion.

A person is seized under article I, section 7 "'only when, by means of physical force or a show of authority' his or her freedom of movement is restrained" so that a reasonable person would not have believed he or she was either (1) free to leave or (2) free to decline the officer's request and terminate the encounter. *State v. O'Neill*, 148 Wn.2d 564, 574, 62 P.3d 489 (2003) (internal quotation marks omitted) (quoting *State v. Young*, 135 Wn.2d 498, 510, 957 P.2d 681 (1998)). This is purely an objective standard, and the focus is on the actions of the law enforcement officer. *Id*.

"Whether there was any show of authority on the officer's part, and the extent of any such showing, are crucial factual questions in assessing whether a seizure occurred." *Id*. at 577. A nonexclusive list of police actions that likely result in seizure include: (1) the threatening presence of multiple officers, (2) the display of a weapon, (3) some physical touching of the person, or (4) use of language or tone of voice showing that compliance with the officer's request might be compelled. *State v. Harrington*, 167 Wn.2d 656, 664, 222 P.3d 92 (2009). "[A] police officer who, as part of his community caretaking function, approaches a citizen and asks questions limited

to eliciting information necessary to perform that function has not 'seized' the citizen." *State v. Gleason*, 70 Wn. App. 13, 16, 851 P.2d 731 (1993).

Sommer argues that he was unlawfully seized when Deputy Phipps asked him to step outside the van because (1) it was 9:00 a.m., (2) he was asked to exit the van, and (3) multiple officers waited outside the van until he emerged. Sommer does not explain how the time of day evidenced a showing of authority on Deputy Phipps's part. Sommer asks us to presume that multiple officers waited outside the van, even though Deputy Phipps testified at trial that he approached the van alone. Sommer also claims that Deputy Phipps waited "right outside the van," even though the record does not show how close to the van Deputy Phipps stood when he asked Sommer to step outside. Br. of Appellant at 18. Finally, Sommer claims that Deputy Phipps never knocked on the van window, but the record does not support Sommer's claim. Thus, almost all of Sommer's factual claims are either unsupported by the record or directly contradicted by the record.

Also, the record does not show that Deputy Phipps displayed a weapon, used physical force, or used language or a tone of voice suggesting that compliance with his request was mandatory. Deputy Phipps's merely testified that he asked Sommer to step outside of the van, and that Sommer was cooperative. Deputy Phipps provided no other detail as to how this interaction occurred. Thus, the record fails to support Sommer's claim that he was seized.

Even if Deputy Phipps's actions constituted a seizure, the record does not show that the seizure was unlawful. Warrantless searches and seizures are per se unreasonable and violate article I, section 7 of the Washington Constitution. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). But there are "'a few jealously and carefully drawn exceptions to the warrant

requirement,'" including *Terry*[6] investigative stops. *Id*. (internal quotation marks omitted) (quoting *State v. Duncan*, 146 Wn.2d 166, 172, 43 P.3d 513 (2002)). During a *Terry* stop, a police officer may briefly stop and detain a person for investigation without a warrant if the officer reasonably suspects that the person is engaged or is about to be engaged in criminal conduct. *Id*. at 250.

Here, Deputy Phipps's duties that day were to provide security for the county health department at a property subject to abatement, and to remove people from the residence, sheds, or vehicles from the property. Sommer did not have permission to be on the property. Based on this record, Deputy Phipps could reasonably have suspected that Sommer was involved in criminal activity by being on the property without permission. Therefore, Deputy Phipps could have lawfully stopped and detained Sommer for investigation without a warrant.

"The presumption of effective representation can be overcome only by a showing of deficient representation based on the record established in the proceedings below." *State v. McFarland*, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995). Because Sommer fails to show based on the record established below that the trial court would have granted a motion to suppress his statements, he cannot show prejudice.[7] Thus, Sommer's ineffective assistance of counsel claim fails.[8]

---

[6] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[7] The State concedes that Sommer was seized when Deputy Phipps asked him to step outside of his vehicle. For the reasons explained above, we do not accept the State's concession.

[8] Sommer also assigns error to the trial court's conclusion of law that Sommer was not detained when he provided the name Byron Sommer. However, Sommer's challenge to the trial court's conclusion of law is based solely on his argument that he was provided ineffective assistance of

No. 50102-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, C.J.

_____
Sutton, J.

---

counsel because he was unlawfully seized. As discussed above, we find that Sommer's ineffective assistance of counsel claim fails. Accordingly, Sommer's challenge to the trial court's conclusion of law likewise fails.